# Exhibit A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 11 2021 11:13 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-07803-8

SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| PC COLLECTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>Defendant. | No.<br><br>**SUMMONS** |

TO: STARR INDEMNITY & LIABILITY COMPANY

A lawsuit has been started against you in the above entitled court by Plaintiff PC COLLECTIONS, LLC ("Plaintiff"). Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serving a copy upon the undersigned attorney for the Plaintiff within 40 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what the Plaintiff asks for because you have not responded. If you serve



**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 21st day of September, 2021.

*s/ Jason R. Donovan*
Jason R. Donovan, WSBA #40994
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: j.donovan@foster.com
*Attorneys for Plaintiff*

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

October 11 2021 11:13 AM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-07803-8

SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| PC COLLECTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff PC Collections, LLC, as assignee of certain rights and claims of Thomsen Ruston, LLC and Jess Thomsen, Inc., as assignee of certain rights and claims of the Estate of Michael Cohen, ("Plaintiff"), through its counsel, FOSTER GARVEY PC, hereby files this Complaint against Starr Indemnity & Liability Company ("Starr") and alleges as follows:

## I. PARTIES

1. PC Collections, LLC, is a Washington limited liability company doing business in Tacoma, Washington.

2. Upon information and belief, Starr is a Texas corporation with its principal place of business in New York, NY.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

## II. FACTS

3. Starr issued Policy No. 1000057881191 (1/31/19 – 2/28/20) and Policy No. 1000057881201 (2/28/20 – 2/28/21) to MC Construction Consultants (the "Starr Policies").

4. On or about March 11, 2020, Thomsen Ruston, LLC and Jess Thomsen, Inc. filed suit in Pierce County, Washington Superior Court, Case No. 20-2-05437-8 (the "Underlying Lawsuit"). A Second Amended Complaint was filed on June 2, 2020; and a Third Amended Complaint was filed on February 19, 2021.

5. On or about April 20, 2020, Starr agreed to defend the defendants named in the Underlying Lawsuit (the "Underlying Defendants") against the claims alleged in the Underlying Lawsuit subject to a reservation of rights under the Starr Policies, and Starr appointed defense counsel.

6. The defense costs incurred defending the Underlying Defendants in the Underlying Lawsuit depleted the limits of the Starr Policies.

7. On June 9, 2020, Starr filed a Complaint for Declaratory Judgment in the United States District Court, Western District of Washington, Case No. 3:20-cv-5539-RSL, seeking a declaration that Starr had no duty to defend or indemnify the Underlying Defendants in connection with the Underlying Lawsuit (the "Federal Court Coverage Action").

8. In the Federal Court Coverage Action, Starr also sought reimbursement of all defense costs (plus pre-judgment and post-judgment interest) paid by Starr in connection with the Underlying Lawsuit.

9. During the course of lengthy settlement discussions, the Underlying Defendants requested that Starr contribute to a settlement in connection with the Underlying Lawsuit. On March 28, 2021, for example, the Underlying Defendants requested that Starr contribute a reasonable amount to a global settlement that the Underlying Defendants were negotiating with the underlying plaintiffs.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

10. On March 29, 2021, however, Starr sent the Underlying Defendants a letter stating that "Starr has no duty to contribute any amount towards a settlement in this matter." In that same letter, Starr stated that the Underlying Defendants "are free to reach a reasonable settlement without Starr's consent, and Starr will not assert lack of consent, standing alone, as a defense to coverage." Starr also took the position that it was authorized to burn policy limits and refuse to participate in a settlement in the hopes that it could claw back defense costs, so long as it had a declaratory judgment action on file.

11. Despite Starr's refusal to contribute anything to a settlement (and in light of Starr's written acknowledgement that the Underlying Defendants could settle the Underlying Lawsuit without Starr's consent), the parties to the Underlying Lawsuit continued their settlement discussions and took necessary steps to protect their interests.

12. On or about May 21, 2021, the parties to the Underlying Lawsuit entered into a complex settlement agreement. In summary, the settlement agreement provided for: (1) a dismissal of all claims against all parties with prejudice; (2) entry of a Stipulated Judgment against the Estate of Michael Cohen for $8 million; (3) an asset-purchase agreement in which assets related to the Point Ruston project were purchased from the underlying plaintiffs for $17 million; and (5) a comprehensive assignment of obligations or indemnities assumed or not assumed by the parties through the purchase of the various assets.

13. On May 24, 2021, the $8 million Stipulated Judgment was entered by the Court in the Underlying Lawsuit.

14. On May 25, 2021, the Estate of Michael Cohen filed a motion to determine the reasonableness of the stipulated judgment subject of the settlement agreement in the Underlying Lawsuit (the "Reasonableness Motion"), as required under Washington law.

15. Starr was provided with proper notice of the Reasonableness Motion, and the Reasonableness Motion was even re-noted to June 11, 2021 as a professional courtesy to Starr.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

Starr subsequently moved to intervene and stay the Underlying Lawsuit (the "Motion to Intervene") to avoid a reasonableness determination by the Pierce County Superior Court.

16. On June 11, 2021, the Pierce County Superior Court conducted a hearing on the Reasonableness Motion and Starr's Motion to Intervene. The Court: (a) allowed Starr to intervene; (b) denied Starr's request to stay the Underlying Lawsuit; and (c) determined that the $8 million Stipulated Judgment was, in fact, fair and reasonable after consideration of the *Chausse* factors:

> No factor, alone or in combination with others, suggests the judgment amount is anything but reasonable. And based on the foregoing, this Court finds that the Stipulated Judgment entered in this case against the Estate of Michael Cohen, in favor of Plaintiffs in the amount of $8,000,000 (eight million dollars), without fees of costs to either party, is fair and reasonable. This Court further finds that the settlement was negotiated at arms-length, as evidenced by the settlement agreement itself; and that there is no evidence of fraud or collusion between Plaintiffs and Defendants.

17. On August 17, 2021, a ruling was issued in the Federal Court Coverage Action establishing "that Starr has a duty to defend and indemnify defendants in connection with the underlying action, and Starr is not entitled to reimbursement of defense costs." That written ruling also established that Starr's coverage position was unreasonable.

## III. COUNT ONE: INSURER BAD FAITH

18. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

19. Starr's conduct was unreasonable, frivolous and/or unfounded. For example, and without limitation, Starr's refusal to contribute any amount towards a settlement of the underlying lawsuit was unreasonable, frivolous and/or unfounded, and Starr demonstrated a greater concern for its monetary interest than the Underlying Defendants' financial risk.

20. The Estate of Michael Cohen and Underlying Defendants suffered damages as a direct and proximate cause of Starr's bad faith.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

21. Plaintiff (as assignee of the above claims) is entitled to an award of damages for Starr's bad faith.

## IV. COUNT TWO: INSURANCE FAIR CONDUCT ACT VIOLATIONS

22. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

23. The Insurance Fair Conduct was enacted to protect policyholders who are "unreasonably denied a claim for coverage or payment of benefits by an insurer…." RCW 48.30.015.

24. On August 19, 2021, following the ruling in the Federal Court Coverage Action establishing Starr's obligations, a demand was made that Starr tender the remaining policy limits under Starr Policy within seven (7) days. But Starr refused to tender the remaining policy limits.

25. On August 27, 2021, Starr (and the Washington Insurance Commissioner) was formally notified of Starr's Insurance Fair Conduct Act violations.

26. Starr did not remedy its Insurance Fair Conduct Action violations by tendering remaining limits within twenty (20) days of that August 27, 2021 notice.

27. In fact, Starr took the position that Starr had no obligation to tender remaining limits within twenty (20) days of that August 27, 2021 notice.

28. The Estate of Michael Cohen and Underlying Defendants suffered damages as a direct and proximate cause of Starr's Insurance Fair Conduct Act violations.

29. Plaintiff (as assignee of the above claims) is entitled to an award of damages for Starr's Insurance Fair Conduct Act violations.

## V. COUNT THREE: CONSUMER PROTECTION ACT VIOLATIONS

30. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein

31. Starr's issuance of insurance and handling of insurance claims constitute trade or commerce that impacts the public interest.

32. Starr has committed unfair or deceptive acts and practices, including but not limited to those set forth in WAC 284-30-330 through 380.



FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

33. Starr's actions and/or inactions constitute violations of the Consumer Protection Act, Chapter 19.84 RCW.

34. The Estate of Michael Cohen and Underlying Defendants suffered damages as a direct and proximate cause of Starr's Consumer Protection Act violations.

35. Plaintiff (as assignee of the above claims) is entitled to damages for Starr's Consumer Protection Act violations.

## PRAYER FOR RELIEF

Plaintiff respectfully request the following relief:

1. Damages for Starr's bad faith in an amount to be determined;

2. Damages for Starr's Insurance Fair Conduct Act violations in an amount to be determined;

3. Damages for Starr's Consumer Protection Act violations in an amount to be determined;

4. An award of attorney fees pursuant to applicable law in an amount to be determined; and

5. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY

Plaintiff demands a trial by jury of all claims and prayers for relief in this action, including but not limited to those asserted above.

DATED: September 21, 2021.

*s/ Jason R. Donovan*
Jason R. Donovan, WSBA #40994
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: j.donovan@foster.com
*Attorneys for Plaintiff*