1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

PC COLLECTIONS, LLC,

Plaintiff,

v.

STARR INDEMNITY & LIABILITY
COMPANY,

Defendant.

Case No. C21-5754-RSL

ORDER GRANTING STAY

15      This matter comes before the Court on defendant's "Motion to Stay Proceedings" (Dkt.

16   # 16).  Having reviewed the submissions of the parties and the remainder of the record, the

17   Court finds as follows:

18      Plaintiff is the assignee of certain rights and claims of Thomsen Ruston, LLC, Jess

19   Thomsen, Inc., and the Estate of Michael Cohen.  See Dkts. #1-2 at 1, # 17-4.  Pursuant to this

20   assignment, plaintiff seeks to recover against defendant for insurer bad faith and violations of

21   Washington State's Insurance Fair Conduct Act and Consumer Protection Act.  See Dkt. # 1-2 at

22   7-9.  The allegations do not involve plaintiff other than in its role as an assignee.  The

23   allegations stem from two cases where issues between defendant and its insureds are in dispute:

24   (1) Thomsen Ruston LLC v. Point Ruston LLC, Pierce County Superior Court, Civil Case

25   No. 20-2-05437-8 (the "Underlying Action"), and (2) Starr Indemnity & Liability Company v.

26   Point Ruston LLC et al, U.S. District Court for the Western District of Washington, Case

27   No. CV20-5539-RSL (the "Coverage Action").  See id. at 5-7.

28

ORDER GRANTING STAY - 1

1    As of the date of the parties' memoranda, appeals were pending before the Court of

2    Appeals of the State of Washington, Division II, and the Ninth Circuit regarding the Underlying

3    Action and the Coverage Action, respectively.  On June 1, 2022, the Ninth Circuit issued a

4    memorandum disposition affirming in part and reversing in part the Court's grant of summary

5    judgment in favor of the defendants in the Coverage Action.  See Coverage Action Dkts. # 76

6    (memorandum disposition); # 77 (mandate).  The Underlying Action appeal goes to the

7    reasonableness of a stipulated judgment entered into in the Underlying Action (the "Stipulated

8    Judgment").  The Court is unaware of the status of the Underlying Action appeal.

9    Defendant moves the Court for a stay due to the ongoing proceedings, arguing primarily

10   that the discovery that plaintiff seeks in the instant action would prejudice defendant in the

11   Underlying Action and Coverage Action.  Plaintiff does not appear to refute defendant's

12   contention that the discovery sought would prejudice it in the Underlying Action and the

13   Coverage Action, but rather emphasizes that such discovery is relevant to plaintiff's bad faith

14   claims and customary in suits of this type.  Both parties agree that a stay would promote judicial

15   economy given the intertwined nature of this matter, the Coverage Action, and the Underlying

16   Action, although they disagree on the appropriate length of the stay.  It is undisputed that the

17   Stipulated Judgment influences the damages sought here.

18   As part of its inherent power to "control the disposition of the causes on its docket with

19   economy of time and effort for itself, for counsel, and for litigants," the Court has the power to

20   stay litigation pending resolution of related proceedings.  Landis v. N. Am. Co., 299 U.S. 248,

21   254 (1936).  Defendant, as the proponent of the stay, bears the burden of establishing its need.

22   Clinton v. Jones, 520 U.S. 681, 708 (1997).  In deciding whether to grant a stay, the Court

23   weighs the following competing interests: (1) "the possible damage which may result from the

24   granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to

25   go forward;" and (3) the stay's potential to simplify or complicate "issues, proof, and questions

26   of law."  CMAX v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

27   In this unusual circumstance, the Court finds that a stay is appropriate.  This case is in its

28   infancy, and the possible damage that may result from granting a stay is slight.  Defendant

ORDER GRANTING STAY - 2

1  argues, and plaintiff does not refute, that plaintiff is an entity created only for this assignment,

2  and the fact that it did not actually suffer the harm defendant allegedly caused in the related suits

3  minimizes prejudice to it here.  However, while disclosure of defendant's underwriting file may

4  prejudice it in the Underlying Action and Coverage Action, any claim of privilege that might

5  otherwise have attached to its underwriting file was presumptively waived when it initiated the

6  coverage action.  See Cedell v. Farmers Ins. Co. of Wash., 176 Wn.2d 686, 698-99 (2013).

7  Nonetheless, while the Court recognizes that insurer bad faith claims may stand even in the

8  absence of coverage, see Coventry Assocs. v. Am. States Ins. Co., 136 Wn.2d 269, 279 (1998),

9  resolution of the related suits is likely to significantly simplify the issues here given their

10  intertwined nature.

11      For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant's Motion to

12  Stay Proceedings (Dkt. # 16) is GRANTED.  This matter is STAYED in its entirety pending the

13  resolution of the Underlying Action and the Coverage Action.  The deadlines pertaining to

14  plaintiff's motion to compel (Dkt. # 26) are STRICKEN, and defendant shall be given an

15  opportunity to respond upon the lifting of the stay.  The Clerk of Court is directed to enter a

16  statistical termination in this case.  Such termination is entered solely for the purpose of

17  removing this case from the Court's active calendar.  The parties shall, within ten days of the

18  resolution of the Underlying Action and the Coverage Action, submit a Joint Status Report

19  setting forth the parties' recommendations for a new trial date and other scheduling deadlines.

20

21      DATED this 22nd day of August, 2022.

22

23                                        Robert S. Lasnik
24                                        United States District Judge

25

26

27

28

ORDER GRANTING STAY - 3