UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PC COLLECTIONS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>STARR INDEMNITY & LIABILTIY COMPANY,<br><br>          Defendant. | Case No. C21-5754-RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on "PC Collections, LLC's Motion to Compel" (Dkt. # 37). Having reviewed the motion, opposition, and the record contained herein, the Court finds as follows:

**I.     Background**

Plaintiff asserts insurer bad faith claims and violations of the Washington Consumer Protection Act and Insurance Fair Conduct Act against Starr Indemnity and Liability Company ("Starr"). Dkt. # 1, Ex. A (Complaint). On March 18, 2024, Plaintiff moved to compel production of documents relating to, among other things, Starr's investigation, evaluation, processing, negotiation, and/or handling of all claims for coverage at issue. Dkt. # 37 at 4. Since then, Starr has produced over 2,400 responsive documents from multiple custodians but has failed to produce any documents in possession of Jonathan Toren or Cozen O'Connor. Dkt. # 43 at 2; *id.*, Ex. 2 ¶ 4. Starr retained Mr. Toren at Cozen O'Connor to advise it on coverage obligations under the policy. *See* Dkt. # 44, Ex. 2. In light of Starr's most recent production, the

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 1

only argument before the Court is whether Starr must produce responsive, non-privileged documents obtained from Mr. Toren and Cozen O'Connor along with a privilege log. Dkt. # 43.

## II. Discussion

Generally, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad authority and discretion to manage this process. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Washington courts do not apply "a blanket privilege in insurance bad faith claims because of the participation of lawyers hired or employed by insurers" because doing so would "unreasonably obstruct discovery of meritorious claims and conceal unwarranted practices." *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 697 (2013). Instead, courts apply a presumption that attorney-client privilege is "unavailable as a basis for an insurer to withhold evidence of communications with its attorney during the claims adjusting process." *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. C13-543RAJ, 2014 WL 6908512, at *3 (W.D. Wash. Dec. 8, 2014) (citing *Cedell*, 176 Wn.2d at 698–99). "[T]he insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Cedell*, 176 Wn.2d at 699.

A review of the record shows it is likely that Mr. Toren was acting in a quasi-fiduciary role. *See e.g.*, Dkt. # 44, Ex. 4. Starr has not presented any argument or evidence to rebut the presumption of discoverability. Accordingly, Starr must produce all documents in Mr. Toren and Cozen O'Connor's possession within fifteen (15) days of this Order. To the extent Starr asserts privilege, it must submit a privilege log of withheld documents.[1]

---

[1] When an insurer overcomes the presumption of discoverability, *Cedell* directs courts to conduct an in camera review of all documents the insurer seeks to withhold. 176 Wn.2d at 246. The requirement is inapplicable to federal courts, and this Court may impose whatever procedure it deems appropriate. *See e.g.*, *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, No. C13-543RAJ, 2014 WL 6908512, at *3 (W.D. Wash. Dec. 8, 2014) (collecting cases).

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 2

### III. Conclusion

For all of the foregoing reasons, the Court GRANTS Plaintiff's motion to compel (Dkt. # 37).

IT IS SO ORDERED.

DATED this 26th day of July, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 3