UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PC COLLECTIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>　　　　　Defendant. | Case No. C21-5754RSL<br><br>ORDER GRANTING PLAINTIFF'S FEE PETITION |

This matter comes before the court on plaintiff's fee petition (Dkt. # 61), defendant's response (Dkt. # 67), plaintiff's reply (Dkt. # 69), and the supporting declarations (Dkts. # 62, 63, 68, 70, 80). Having reviewed the briefing, the declarations, and the record herein, the Court GRANTS plaintiff's fee petition in the amount requested by plaintiff: $28,533.

**I.    Background**

On October 21, 2024, this Court ordered defendant to "pay the reasonable expenses, including attorney's fees, caused by defendant's failure to comply with the order of this Court that was issued on July 26, 2024." Dkt. # 58 (citing Dkt. # 47). The Court's order of July 26, 2024 required defendant to produce within fifteen days the documents sought in plaintiff's "Motion to Compel." Dkt. # 47 at 1 (citing Dkt. # 37 at 4). Plaintiff's "Motion to Compel"

ORDER GRANTING PLAINTIFF'S
FEE PETITION - 1

sought the documents described in plaintiff's "Request for Production No. 4." Dkt. # 37 at 4 (citing to Dkt. # 19 at pp. 137–42). Plaintiff's "Request for Production No. 4" states:

> **REQUEST FOR PRODUCTION NO. 4:** Please produce copies of all Documents relating to or arising out of Starr's investigation, evaluation, processing, negotiating, and/or handling of all claims for coverage related to or arising out of the Underlying Lawsuit. This includes, without limitation, Documents in possession of William Knowles and/or Jonathan Toren at Cozen O'Connor. See Cedell v. Farmers Ins. Co. of Washington, 176 Wn.2d 686. 295 P.3d 239 (2013).

Dkt. # 19 at 141. As the Court explained when it granted plaintiff's motion to compel on July 26, 2024, the issue necessitating the Court's order granting plaintiff's motion to compel was defendant's failure "to produce any documents in possession of Jonathan Toren or Cozen O'Connor." Dkt. # 47 at 1. Defendant then failed to produce any documents from Jonathan Toren or Cozen O'Connor by the end of this Court's fifteen-day deadline, resulting in plaintiff's "Motion for Sanctions" and this Court's order granting sanctions. Dkts. # 50, 58. In plaintiff's "Motion for Sanctions," plaintiff made clear that its aim is to get all documents covered by its "Request for Production No. 4." Dkt. # 50 at 2.

## II. Discussion

Plaintiff's fee petition requests "$28,533 in reasonable attorney's fees." Dkt. # 61 at 1. Defendant does not contest the reasonableness of the hourly rates in plaintiff's fee petition. Dkts. # 62 at 23–24; 67. However, defendant argues that under *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), fees may not be awarded for, as defendant puts it, "work which would have been necessary regardless of whether [defendant] had timely produced the requested documents." Dkt. # 67 at 3–5.

ORDER GRANTING PLAINTIFF'S
FEE PETITION - 2

It is true that under *Goodyear* this Court must conduct a "but for" test when it comes to fee awards, with the Court's "fundamental job" being "to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct." *Goodyear*, 581 U.S. 101 at 109–10 (2017). If a cost would have been incurred in the absence of a discovery violation, the Court "must leave it alone." *Id*. At the same time, when applying the "but for" test trial courts "'need not, and indeed should not, become green-eyeshade accountants' (or whatever the contemporary equivalent is)." *Goodyear*, 581 U.S. 101 at 110 (2017) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). "'The essential goal' in shifting fees is 'to do rough justice, not to achieve auditing perfection.'" *Id*.

Here, defendant argues that "the majority of [plaintiff's] claimed expenses" were incurred in reviewing defendant's belated productions of records from Jonathan Toren and Cozen O'Connor, a review that would have happened in any event and thus does not pass *Goodyear*'s "but for" test. Dkt. # 67 at 5 (defendant stating: "Had [defendant] produced all of Mr. Toren's files by this Court's deadline [plaintiff] would have had to review them, such is the nature of discovery in complex cases such as this."). However, as plaintiff reasonably points out, plaintiff had to review all the documents that were belatedly produced by defendant for a specific purpose related to the ultimately sanctioned conduct. Dkt. # 69 at 1, 5. Without reviewing the documents, plaintiff would not have been able to form an evidence-based opinion as to whether defendant was indeed complying with this Court's order to produce records from Jonathan Toren and Cozen O'Connor. *Id*. This type of review would not have been required "but for"

plaintiff's failure to produce those records as ordered by this Court. *Goodyear*, 581 U.S. 101 at 109–10 (2017).

The records defendant belatedly produced were voluminous and included far more than just files originating from Jonathan Toren and Cozen O'Conner—a fact that defendant attributes to the language of this Court's order, which itself traces to the language of plaintiff's "Request for Production No. 4." Dkt. # 67. Plaintiff argues that the broad scope of defendant's belated productions was unwarranted and caused plaintiff to sift through a vast number of redundant and non-responsive disclosures. Dkts. # 61, 66, 69. The Court need not settle this particular argument because whether the scope of defendant's belated productions was appropriate or not, the volume of defendant's belated productions created the need for plaintiff to hunt through those productions for files from Jonathan Toren and Cozen O'Conner. As indicated above, that project was not like "taking a deposition or drafting a motion," endeavors that might have been required in this case in any event. *Goodyear*, 581 U.S. 101 at 109–10 (2017). It was instead a specific task required as a result of defendant's failure to meet this Court's deadline for producing documents from Jonathan Toren and Cozen O'Conner. Therefore, all expenses associated with that project are compensable, including the time plaintiff spent downloading the documents and resolving technical problems with the files. Dkts. # 67 at 5, 69 at 4–5. To find otherwise would involve this Court imagining a counterfactual scenario in which there was neither an order granting plaintiff's motion for sanctions (*see* Dkt. # 58) nor issues with the digital files defendant produced. It would also require this Court to don a green eyeshade to determine what fraction of work related to downloading and processing the digital files might

ORDER GRANTING PLAINTIFF'S
FEE PETITION - 4

have occurred in any event. Those efforts would go far beyond the "rough justice" that is required under *Goodyear*. 581 U.S. 101 at 110 (2017) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

Finally, the Court acknowledges plaintiff's repeated warnings—contained in plaintiff's fee petition, reply, and supplemental declaration—that defendant's failure to produce documents is "ongoing." Dkts. # 61, 69, 80. The Court will take up that issue as it moves through plaintiff's second and third motions for sanctions. Dkts. # 88, 112.

### III.    Conclusion

For all the foregoing reasons, plaintiff's fee petition (Dkt. # 61) is GRANTED in the amount of $28,533.

IT IS SO ORDERED.

DATED this 3rd day of September, 2025.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
FEE PETITION - 5