UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PC COLLECTIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>　　　　　Defendant. | Case No. C21-5754RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the court on defendant's "Motion to Compel Answers to Deposition Questions from Third-Party Witness Jack Krona" (Dkt. # 92), plaintiff's response (Dkt. # 95), defendant's reply (Dkt. # 106), and the supporting declarations (Dkts. # 93, # 96). Having reviewed the briefing, the declarations, and the record herein, the Court hereby DENIES defendant's motion to compel.

**I.　　Background**

Defendant issued a third-party subpoena to attorney Jack B. Krona on December 4, 2024. Dkt. # 95 at 2. Mr. Krona represented certain parties in a now-settled lawsuit, the resolution of which forms part of the underlying facts in this case. *Id*. Prior to Mr. Krona's deposition, plaintiff served defendant with written objections to "testimony sought that is protected by

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 1

attorney-client privilege, work product doctrine, mediation privilege, joint defense privilege, and/or any other applicable privilege." Dkts. #95 at 2; # 96, Ex. D.

The deposition of Mr. Krona occurred on December 12, 2024. Dkt. # 92 at 2. During the deposition, plaintiff's counsel objected to a number of questions based on the privilege grounds specifically mentioned in plaintiff's written objections. Dkt. # 93, Ex. A. Plaintiff's counsel also objected based on the common interest privilege. *Id*. Mr. Krona declined to answer questions after the objections. *Id*. During the deposition, defendant did not take a position as to whether defendant believed privilege had been waived. Dkt. # 95 at 2–3. On January 3, 2025, defendant filed its "Motion to Compel Answers to Deposition Questions from Third-Party Witness Jack Krona," claiming privilege had been waived under *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686 and *Pappas v. Hollaway*, 114 Wn.2d 198 (1990). Dkt. # 92 at 3–5.

The discovery cutoff in this case was January 7, 2025.[1] Dkt. # 49 at 1. The Court's third "Amended Order Setting Trial Date and Related Dates" states: "All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) or LCR 37(a)(2)." *Id*. As stated in LCR 7(b)(1): "The noting date is the date by which all briefing is complete and the matter is ready for the court's consideration . . . ."

---

[1] On December 19, 2024, after a motion by plaintiff (Dkt. # 81) that was followed by a joint stipulation of the parties (Dkt. # 83), the Court ordered an extension of the discovery cutoff for three limited purposes only. Dkt. # 84. Mr. Krona's deposition had been taken before plaintiff's motion to extend the discovery cutoff for three limited purposes only (Dkt. # 81, filed December 13, 2024) and before the parties' joint stipulation to extend the discovery cutoff for three limited purposes only (Dkt. # 83, filed December 18, 2024). A motion to compel deposition answers from Mr. Krona was not among the three limited purposes for which the discovery cutoff was extended. Dkt. # 84.

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 2

Defendant's motion to compel deposition answers from Mr. Krona was *filed* on Friday, January 3, 2025 and *noted* for January 24, 2025.

## II.   Discussion

### A.  Defendant's Motion to Compel Was Untimely

The failure to complete discovery within the time allowed by a court's scheduling order "does not constitute good cause for an extension or continuance." LCR 16(b)(6). The dates in this Court's current scheduling order for this matter "are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties." Dkt. # 49 at 2. "The Court will alter these dates only upon stipulation of the parties or good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause." *Id.*

Plaintiff states, and defendant does not dispute, that a stay in this matter was lifted in January 2024; defendant first issued written discovery on September 26, 2024; and defendant first served deposition notices on December 4, 2024. Dkts. # 95 at 5; # 96, Ex. F; # 106. Defendant filed its "Motion to Compel Answers to Deposition Questions from Third-Party Witness Jack Krona" on January 3, 2025 and noted the motion for January 24, 2025. Dkt. # 92. But under the terms of this Court's scheduling order defendant's motion to compel should have been filed weeks earlier, in time to be "noted on the motion calendar" for "the Friday before discovery closes," which in this case was Friday, January 3, 2025. Dkt. # 49 at 1.

Defendant argues this requirement could produce "absurd results" by creating a window of time before the discovery cutoff when "parties would be free to violate any and all discovery obligations and rules with absolute immunity as no motions related to discovery could be filed."

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 3

Dkt. # 106 at 3. The Court reminds counsel for defendant that there are rules beyond the procedural to which attorneys are bound. If there is nevertheless concern about the potential for mischief in the window of time defendant identifies, an obvious remedy is prompt discovery. Moreover, to the extent defendant may have been confused about what "noted on the motion calendar" means (Dkt. # 49 at 1:20), such confusion would be unwarranted given that the Local Civil Rules state clearly: "The noting date is the date by which all briefing is complete and the matter is ready for the court's consideration . . . ." LCR 7(b)(1). Therefore, there was no good cause for defendant to push beyond the discovery cutoff by noting its motion to compel for January 24, 2025. As a result of that cutoff violation alone, defendant's motion to compel is dismissed.

### B. Plaintiff Incorrectly Applies LCR 37(a)(1) to This Matter

Plaintiff contends that defendant was required by LCR 37(a)(1) to meet and confer before filing this motion to compel. Dkt. # 95. That is incorrect. As a third party, Mr. Krona was subpoenaed under Fed. R. Civ. P. 45. Dkt. # 106 at 2. "Because Rule 45's procedures and enforcement mechanisms govern, the meet and confer obligations of Rule 37 are inapplicable." *Est. of Lynott by & through Lynott v. Lukovich*, No. C14-0503RSL, 2016 WL 11271942, at *1 (W.D. Wash. Mar. 3, 2016). Therefore, plaintiff's argument that sanctions are warranted against defendant for violating LCR 37(a)(1) fails because LCR 37(a)(1) does not apply.

Plaintiff offers no further authority upon which the Court should sanction defendant for this untimely motion. The Court is of course aware that under 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 4

the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Looking only at the conduct of filing and defending this untimely motion to compel, the Court finds the threshold for applying § 1927 has not been met.

### III. Conclusion

For the foregoing reasons, defendant's "Motion to Compel Answers to Deposition Questions from Third-Party Witness Jack Krona" (Dkt. # 92) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of September, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO COMPEL - 5