UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PC COLLECTIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>    Defendant. | Case No. C21-5754RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on defendant's motion for reconsideration of the Court's order granting plaintiff's fee petition. Dkts. # 128, 130. Having considered the motion and the declaration of Heather M. Jensen (Dkt. # 131), the Court DENIES the motion.

**I. Background**

On July 26, 2024, this Court ordered defendant to produce within fifteen days the documents sought in plaintiff's "Motion to Compel." Dkt. # 47 at 1 (citing Dkt. # 37 at 4). The motion sought to compel a full and complete response to Request for Production No. 4, which reads:

> **REQUEST FOR PRODUCTION NO. 4:** Please produce copies of all Documents relating to or arising out of Starr's investigation, evaluation, processing, negotiating,

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

and/or handling of all claims for coverage related to or arising out of the Underlying Lawsuit. This includes, without limitation, Documents in possession of William Knowles and/or Jonathan Toren at Cozen O'Connor. *See Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686. 295 P.3d 239 (2013).

Dkt. # 19 at 141. As the Court explained when it granted plaintiff's motion to compel on July 26, 2024, the issue necessitating the Court's order granting plaintiff's motion to compel was defendant's failure "to produce any documents in possession of Jonathan Toren or Cozen O'Connor." Dkt. # 47 at 1. Defendant then failed to produce any documents from Jonathan Toren or Cozen O'Connor by the end of this Court's fifteen-day deadline, resulting in plaintiff's "Motion for Sanctions." Dkt. # 50. In granting the motion, the Court ordered defendant to "pay the reasonable expenses, including attorney's fees, caused by defendant's failure to comply with the order of this Court that was issued on July 26, 2024." Dkt. # 58 (citing Dkt. # 47). After briefing on the appropriate fee award, the Court ordered defendant to pay plaintiff's requested fee amount: $28,533. Dkt. # 128.

## II. Discussion

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised

ORDER DENYING MOTION
FOR RECONSIDERATION - 2

earlier in the litigation." *Id*. *See also Castello v. City of Seattle*, No. C10-1457MJP, 2011 WL 219671, at *4 (W.D. Wash. Jan. 24, 2011) (stating: "[T]he Court cannot have ruled in error on an argument never before raised."); *A. H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR, 2016 WL 4072736, at *2 (W.D. Wash. Aug. 1, 2016) (stating that a party may only base a motion for reconsideration on "new facts or legal authority that the movant could not have brought to the court's attention earlier through reasonable diligence.").

Here, defendant does not state whether its motion for reconsideration is based on clear error, manifest injustice, newly discovered evidence, an intervening change in controlling law, or other circumstances warranting reconsideration. Dkt. # 130 at 4–5. Defendant's motion does raise questions regarding the meaning of the word "from" in the context of a particular discovery issue in this matter. *See* Dkt. # 130 at 3:15–19 (appearing to refer to Dkt. # 128 at 4:14 and 4:20). Specifically, defendant fairly points out that the Court's use of the phrase "documents from Jonathan Toren and Cozen O'Conner" in the Court's Order Granting Plaintiff's Fee Petition could be read to refer to either documents *originating* from Jonathan Toren and Cozen O'Conner or to a much larger set of documents in the *possession* of Jonathan Toren and Cozen O'Conner. *Id*. Defendant appears to argue that because the latter interpretation is possible, this Court was wrong in finding that plaintiff was entitled to fees associated with having to "hunt through [defendant's voluminous productions] for files from Jonathan Toren and Cozen O'Conner." Dkt. # 130 at 3:18-19, 4:18–5:3. This is because "**all** of the documents produced

ORDER DENYING MOTION
FOR RECONSIDERATION - 3

were from Mr. Toren's files," and therefore no hunting for "files from Jonathan Toren and Cozen O'Conner" was necessary much less compensable. *Id*.

At a surface level, defendant's argument appears to trace to a paragraph in the Court's Order Granting Plaintiff's Fee Petition that refers, in the first sentence of the paragraph, to "files originating from Jonathan Toren and Cozen O'Conner," and then, later in the same paragraph, twice uses the phrase "files from Jonathan Toren and Cozen O'Conner," omitting the word "originating." Dkt. # 128 at 4:4–20. On a deeper level, however, defendant's argument ultimately connects to an argument that has been aired before in this matter. *See* Dkt. # 69 at 2:13–3:15. It is in part an argument over the meaning of the word "from" and, more broadly, an argument over whether defendant's belated productions of documents "from" Jonathan Toren and Cozen O'Conner were excessive in scope or just right in scope. *Id*. In the paragraph of the Court's Order Granting Plaintiff's Fee Petition that is at issue here, the Court declined to settle the parties' argument over whether "from" means originating from or possessed by, finding that it "need not" settle the argument for the purposes of ruling on the fee petition. Dkt. # 128 at 4:17–20. As the Order Granting Plaintiff's Fee Petition explained, this is because the relevant point in relation to plaintiff's fee petition is that defendant's failure to meet the Court's deadline for disclosing the Jonathan Toren / Cozen O'Conner documents created a situation in which plaintiff later had to engage in the "specific," and therefore compensable, task of determining whether defendant had belatedly complied with the Court's order to disclose all relevant documents. *Id*. "This type of review would not have been required 'but for' plaintiff's failure to

ORDER DENYING MOTION
FOR RECONSIDERATION - 4

produce those records as ordered by this Court." Dkt. #128 at 3:26–4:2. *See also* Dkt. # 69 at 1. Thus, it remains irrelevant whether "***all***" of the documents belatedly produced by defendant were "from" Jonathan Toren / Cozen O'Conner in the broad, possessed-by sense that defendant prefers, making the Court's reference to plaintiff having to "hunt through" those documents for "files from Jonathan Toren and Cozen O'Conner" inapposite. Dkts. # 128 at 4:13, 130 at 3:18-19. While the Court does take defendant's linguistic point, the fact remains that plaintiff had to review "***all***" of the documents for the specific purpose of forming "an evidence-based opinion as to whether defendant was indeed complying with this Court's order . . . ." Dkts. # 128 at 3:24–26, 4:17–20; 130 at 3:18-19. "[T]hat project was not like 'taking a deposition or drafting a motion,' endeavors that might have been required in this case in any event." Dkt. # 128 at 4:14–17 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109–10 (2017)). Indeed, after reviewing the entire set of documents produced by defendant, plaintiff presently alleges defendant has still not produced "all relevant documents from Jonathan Toren/Cozen O'Conner." Dkt. # 69 at 6:10. While the Court takes no position on the merits of that allegation at this point, the allegation demonstrates that plaintiff reviewed defendant's disclosures for the distinct purpose of determining defendant's compliance with this Court's order (or lack thereof).

Defendant additionally argues that "the way the files were produced clearly showed the date that each file had originally been created," and thus plaintiff could have "simply filtered out" files not originating with Jonathan Toren / Cozen O'Conner. Dkt. # 130 at 5:4–9. This alleged fact was not raised in defendant's response to plaintiff's fee petition (*see* Dkt. # 67), nor

ORDER DENYING MOTION
FOR RECONSIDERATION - 5

is it described as a "newly discovered" fact in defendant's motion for reconsideration (*see* Dkt. # 130 at 5:4–9), nor is there any indication that it could not have been previously brought to the Court's attention by defendant through "reasonable diligence."[1] *See A. H. Lundberg*, No. C14-1160JLR, 2016 WL 4072736, at *2 (W.D. Wash. Aug. 1, 2016). Therefore, it cannot form the basis for an argument in support of a motion for reconsideration. *See Kona*, 229 F.3d 877 at 890 (9th Cir. 2000).

### III. Conclusion

For all the foregoing reasons, defendant's motion for reconsideration (Dkt. # 130) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of October, 2025.

Robert S. Lasnik
United States District Judge

---

[1] Nor, given the absence of any citations to the case record in this portion of defendant's argument, is there any indication that defendant raised this argument prior to defendant's response to plaintiff's fee petition. Dkt. # 130 at 5:4–9.

ORDER DENYING MOTION
FOR RECONSIDERATION - 6